105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allan HARRISON; Janet Harrison, Plaintiffs-Appellants,
v.
TAIWAN SUPER YOUNG CO., LTD.; Test Rite Products, Inc.,
Home Depot USA, Inc., Defendants-Appellees.
 No. 95-55745.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Jan. 2, 1997.
 
 Before: GOODWIN, WIGGINS, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs, Mr. & Mrs. Harrison, timely appealed from a judgment against them following a jury trial because of two evidentiary decisions regarding a videotape of Mr. Harrison. We affirm.
 
 
 3
 Plaintiffs sued for damages suffered by Mr. Harrison resulting from a fall from a step ladder. The defendants had a "day-in-the-life" videotape of Mr. Harrison filmed without his knowledge. The defendants did not inform the Harrisons of the existence of the tape or provide a copy of it at any time before trial.
 
 
 4
 The videotape was admitted as evidence at trial to impeach the Harrisons' description of Mr. Harrison's injuries. The defendants' three medical experts relied in part on the videotape to conclude that Mr. Harrison was a malingerer and that his injuries were not as severe as claimed. While the experts had viewed the tape before the trial, they did not testify or comment upon their perceptions from it until after the tape had been admitted for impeachment purposes. The Harrisons moved to exclude the tape because it was not impeachment evidence and claimed it should have been disclosed under "Rule 26." The district court denied their motion.
 
 
 5
 Dr. Sugarman's testimony at trial was, in part, based on his review of the videotape. After the cross-examination of Dr. Sugarman, the Harrisons objected to the defense experts testifying regarding their view of the videotape or how that changed their opinions. They alleged that the defendants were using the videotape as part of their experts' presentation in their case-in-chief. The defendants responded that the experts could comment on the tape because it had been admitted into evidence before they testified. The district court allowed Drs. Lukavsky and Weissberg to testify about the tape as well. The jury returned a verdict for the defendants, and this appeal followed.
 
 
 6
 We have jurisdiction under 28 U.S.C. §§ 1291 & 1294. We review the district court's evidentiary rulings for abuse of discretion. Kisor v. Johns-Manville Corp., 783 F.2d 1337, 1340 (9th Cir.1986). The objecting party must show prejudice from any erroneous rulings. City of Long Beach v. Standard Oil of Cal., 46 F.3d 929, 936 (9th Cir.1995).
 
 
 7
 In addition to the merits of their challenges, we must address whether the Harrisons properly objected to the evidentiary rulings. The Harrisons made two objections relevant here:[1] (1) the Rule 26 objection to any use of the videotape, made after the investigator's voir dire, and (2) the objection made after Dr. Sugarman's testimony as to expert testimony about the videotape. Those objections preserved the issues raised on this appeal.
 
 
 8
 A. Admitting the Videotape Into Evidence Was Not an Abuse of Discretion.
 
 
 9
 The basis for the Harrisons' Rule 26 objection is that the defendants had an obligation to disclose the videotape pursuant to Rule 26(e)(1). Under Rule 26(e)(1), a party must supplement disclosures made pursuant to Rule 26(a). Rule 26(a)(1)-(4) does not apply in the Southern District of California, where this case was heard. Rule 26(a)(5) does, however, and it permits depositions upon oral examinations. Thus, in the Southern District, parties must supplement expert deposition testimony where the answers given are materially incomplete or incorrect.[2]
 
 
 10
 The trial court did not abuse its discretion in overruling the Rule 26(e) objection to admission of the videotape to impeach the Harrisons. The videotape was admissible independent of any later connection to the experts' trial testimony. At the time the videotape was offered into evidence, it was offered to contradict the Harrisons' statements about their injuries. Whether or not the tape was exclusively used for impeachment, Rule 26(e) does not require supplementation of the defense experts' deposition testimony to reflect the actions of an independent investigator who creates a videotape. Rule 26(e) requires only that material changes in the experts' deposition testimony, including any that may be caused by their review of the videotape, be disclosed. The Harrisons cite no other discovery request that called for disclosure of the videotape. Thus, we find no conflict with Chaisson v. Zapata Gulf Marine Corp., 988 F.2d 513 (5th Cir.1993), cert. denied, 114 S.Ct. 1536 (1994) (finding videotape inadmissible where the defendant had refused to respond completely to a specific interrogatory propounded by plaintiff asking about videotapes).[3]
 
 
 11
 When the trial court admitted the tape into evidence, it had no reason to address whether the proffer might violate Rule 26(e) because of some later use by the experts. Unlike Mills v. Beech Aircraft Corp., 886 F.2d 758 (5th Cir.1989), and Jenkins v. Whittaker Corp., 785 F.2d 720 (9th Cir.), cert. denied, 479 U.S. 918 (1986), upon which the Harrisons rely, the evidence was authenticated by another witness and had independent significance beyond supporting the experts' conclusions.
 
 
 12
 B. Allowing the Experts to Comment on the Videotape Was Not an Abuse of Discretion.
 
 
 13
 The Harrisons' second objection is to the defense experts' testimony concerning the videotape. We hold that the district court did not abuse its discretion in not applying Rule 26(e)(1) to prohibit the experts from commenting on the impeachment videotape, even though the experts had not revealed in their depositions any intention to rely on the videotape.
 
 
 14
 The Harrisons failed to object in a timely manner to Dr. Sugarman's reliance on the videotape. Only after he was excused as a witness was an objection made. To the extent the trial court treated the objection as waived as to Sugarman, it did not abuse its discretion.
 
 
 15
 We need not address the propriety of the defendants' decision not to tell the Harrisons before trial that they had shown the tape to their other experts. The Harrisons can show no prejudice. The critical question regarding harmless error is whether or not it is probable that a different result would have attached if the alleged error had not occurred. Kisor, 783 F.2d at 1340.
 
 
 16
 The jury legitimately saw the tape and Dr. Sugarman legitimately commented upon it. The Harrisons suffered no prejudice because the tape was admitted independently as impeachment, as discussed above. The Harrisons themselves admit that the jury spent more than half its one-hour deliberation time reviewing the videotape. In addition, Dr. Lukavsky and Dr. Weissberg could comment on previously admitted evidence that they were shown while on the witness stand. No prejudice arose from their testimony simply because they viewed the tape before they testified rather than while they testified. Moreover, Dr. Lukavsky testified that the jury could evaluate the tape as well as the doctors. Furthermore, any claimed prejudice to the Harrisons from "surprise" is lessened because Mr. Harrison had ample opportunity to explain his injuries in light of the videotape and offer his explanation for each scene depicted. Thus, any error in allowing Drs. Luvasky and Weissberg to comment was harmless. See Benna v. Reeder Flying Serv., Inc., 578 F.2d 269, 272 (9th Cir.1978) (finding no prejudice from allegedly erroneous admission of evidence where information was already before trier of fact from another source).
 
 
 17
 In sum, the videotape was properly before the jury. Any objection to Dr. Sugarman's testimony was waived. Any error in allowing Drs. Lukavsky and Weissberg to comment on the videotape was harmless. Accordingly, we affirm the district court judgment.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Harrisons' objection at trial that the videotape was edited prejudicially is no longer asserted on appeal
 
 
 [2]
 The second sentence of Rule 26(e)(1) applies to the depositions of testifying experts, whether or not they are required to produce a written report under 26(a)(2)(B). Naturally, no obligation exists in the Southern District to supplement a report produced under 26(a)(2)(B), where Rule 26(a)(2)(B) does not apply to require production of any expert report at all
 
 
 [3]
 Further, in Chaisson the videotape was not impeachment evidence. Chaisson, 988 F.2d at 517. The plaintiff's testimony was that she could not do routine activities without pain and the videotape did not directly refute her testimony about the pain. In contrast, the Harrison tape directly impeached the Harrisons' testimony regarding his physical ability--Mrs. Harrison's testimony he could not keep up with her on family walks, testimony Mr. Harrison almost always walked with a limp, and testimony Mr. Harrison aggravated his back injury on his trip to San Diego on September 17, 1994